**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| MATT BURCAR and JOHN BUREK, on behalf of themselves and all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) Case No. |
| vs. | )<br>)<br>) |
| DECORATIVE PANELS INT'L, INC., | )<br>) |
| Defendant. | ) |

**CLASS ACTION COMPLAINT AND JURY DEMAND**

**INTRODUCTION**

1. Plaintiffs John Burek and Matt Burcar, on behalf of themselves and all others similarly situated ("Plaintiffs"), bring this class action against Decorative Panels International, Inc. ("Defendant"), which owns and operates a hardboard wood manufacturing facility located at 416 Ford Ave. Alpena, Michigan 49707 (the "Facility").

2. Through its operation and maintenance of the Facility, Defendant released, and on frequent separate, distinct, and additional occasions continues to release, noxious odors onto Plaintiffs' property, which has caused property damage by private nuisance and negligence.

**PARTIES**

3. Plaintiff, John Burek, does reside and at all relevant times has resided at 205 Avery Street, City of Alpena, State of Michigan.

4. Plaintiff, Matt Bursar, does reside and at all relevant times has resided at 239 E. Campbell Street, City of Alpena, State of Michigan.

1

5. Defendant is a for-profit corporation organized under the laws of the State of Delaware and maintains its principal place of business in the State of Ohio.

6. The Facility is located at 416 Ford Ave. Alpena, Michigan 49707.

7. At all relevant times, Defendant, its agents, and its predecessors did and continues to do business in Alpena, Michigan.

8. Defendant has at all times relevant hereto exercised control and ownership over the Facility.

## JURISDICTION AND VENUE

9. This Court has original jurisdiction under the Class Action Fairness Act (CAFA), 28 U.S.C. §1332(d). There are 100 or more class members and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

10. Plaintiffs are citizens of Michigan, and Defendant is a citizen of Delaware and Ohio, with Defendant's principal place of business at 2900 Hill Ave, Toledo, Ohio 43607.

11. Independent of and in addition to original jurisdiction under CAFA, this Court has original jurisdiction because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a)(1).

12. The Court has personal jurisdiction over Defendant, who has at least minimum contacts with the state of Michigan because it regularly conducts substantial business in Michigan through ownership and operation of the Facility.

13. Venue is proper in this Court under 28 U.S.C 1391(b)(2), because a substantial portion of the events or omissions giving rise to Plaintiffs' claims took place in this District, and because much of the property that is the subject of this action is situated in this District.

**FACTUAL ALLEGATIONS**

14. Defendant operates an industrial woodboard manufacturing plant surrounded by residential properties.

15. Plaintiffs reside within one-and-one-half mile of the Facility.

16. On frequent, recurrent, and intermittent occasions too numerous to list individually, Plaintiffs' property including Plaintiffs' neighborhoods, residence, and yards have been, and continue to be, physically invaded by noxious odors.

17. The noxious odors which entered Plaintiffs' property originated from Defendant's wall panel plant.

18. Defendant produces Smooth-2-Side hardboard ("S2S") using a wet/dry process that takes wood chips, breaks them down into fibers, and then forms them into hardboard.

19. Defendant's industrial process produces substantial quantities of wastewater and waste sludge.

20. Defendant stores the waste from the hardboard manufacturing process in 3 aerated lagoons, where the wastewater sludge is treated by dissolved air flotation units before the treated water is released into Thunder Bay.

21. If not properly maintained and treated, however, the sludge that is separated from treated water in the aerated lagoons emits volatile organic compounds and gases that can become noxious and highly odiferous.

22. The odiferous sludge created through Defendant's hardboard manufacturing process, including the creation of wood fiber sludge, have distinctive odors and gases which are frequently described as having a characteristic "rotten cabbage" odor.

23. On numerous separate and distinct occasions within the past three years, Defendant has discharged discrete and offensive noxious odors into the private residential properties of Plaintiffs and the Class, causing damages to property.

24. More than 100 neighboring residents have reported to Plaintiffs' counsel that they experience and are adversely impacted by Defendant's noxious odor emissions.

25. The invasion of Plaintiffs' property by noxious odors has caused Plaintiffs and the Class substantial harm.

26. Plaintiff John Burek is an owner/occupant of residential property at 205 Avery Street, located within one-and-one-half mile of Defendant's Facility. He moved into this residence for the first time in 2019.

27. Plaintiff John Burek reported "terrible odors coming from DPI. We don't invite friends or relatives to our home in fear of the disgusting odors coming from DPI. We must keep windows closed."

28. Plaintiff Matt Burcar is an owner/occupant of residential property at 239 E. Campbell Street within one-and-one-half mile of Defendant's Facility.

29. Plaintiff Matt Burcar reported that "Aside from normal lost outdoor/indoor activities, we have to keep the windows closed. I run an Airbnb from this home and the smells affect guest stays."

30. Defendant's well-documented history of failing to control its emissions is further demonstrated by the following:

    a. On August 5, 2022, Defendant received a Rule 901 Notice of Violation ("NOV") from the Michigan Department of Environment, Great Lakes, and Energy ("EGLE") for its emission of "overpowering" odors coming from

>  wastewater lagoons on Defendant's property. This NOV was in response to a recent series of complaints from local residents and business owners. "The AQD staff detected odors along Ford Avenue from East Spratt Street to East Bosley Street." The odors were attributed to Defendant's lagoon "located on the east side of DPI."
>
> b. Upon information and belief, Defendant has been issued at least 2 other NOVs for the emission of noxious odors since 2019.
>
> c. Numerous media articles have documented persistent resident complaints regarding Defendant's offensive odor emissions that have risen to the level of widespread community concern.

31. Defendant's Facility has emitted, and continues to emit, objectionable odors that are detectible outside the bounds of its property.

32. Defendant's Facility has emitted objectionable odors that have caused negative impacts to its neighbors, including Plaintiffs and the putative Class, and their properties.

33. Defendant's emissions have been dispersed across private and public land throughout the Class Area.

34. The foul odors emitted from the Facility are offensive, would be offensive to a reasonable person of ordinary health and sensibilities, and have caused property damage, including by interfering with the ability of Plaintiffs and the Class to use and enjoy their homes and property.

35. The invasion of Plaintiffs' property and that of the Class by noxious odors has caused physical property damages to private residential property, including diminution of property values, deprivation of Plaintiffs and the Class' enjoyment of the full value of their properties, and substantial and unreasonable interference with the use and enjoyment of their properties.

36. Alpena County and the Class Area are home to a wide range of commercial and recreational activities including but not limited to dining, industry, construction, retail trade, lodging, ministry, and education.

37. Plaintiffs and the Class are a limited subset of individuals in Alpena County and the Class Area that includes only owner/occupants and renters of residential property who live within the Class Area and fit within the Class Definition.

38. Members of the public, including but not limited to businesses, employees, commuters, tourists, visitors, minors, customers, clients, and students, have experienced and been harmed by the fugitive noxious odors emitted from the Facility into public spaces; however, unlike Plaintiffs and the Class, members of the public who are outside of the Class Definition have not suffered damages of the same kind, in the form of diminished property values and/or loss of use and enjoyment of their private property.

39. Defendant's operation, maintenance, control, and/or use of its Facility has caused noxious odors to invade the properties of Plaintiffs, and all others similarly situated, causing property damage.

40. Defendant has failed to employ adequate technologies, systems, processes, and odor mitigation strategies to prevent the odors generated at its Facility from traveling offsite.

41. Defendant negligently, unreasonably, knowingly, intentionally, and/or recklessly failed to properly maintain and/or operate the Facility, and caused the invasion of Plaintiffs' property by noxious odors on intermittent and reoccurring dates too numerous to individually recount.

42. Defendant is vicariously liable for all damages suffered by Plaintiffs caused by Defendant's employees, representatives and agents, who, during the course and scope of their

employment created, allowed or failed to correct the problems which caused noxious odors to physically invade Plaintiffs' property.

## CLASS ALLEGATIONS

### A. Definition of the Class

43. Plaintiffs bring this action individually and on behalf of all persons as the Court may determine to be appropriate for class certification, pursuant to Federal Rule of Civil Procedure 23. Plaintiffs seek to represent a Class of persons preliminarily defined as:

**All owner/occupants and renters of residential property residing within one-and-one-half mile (1.5) of the Facility's property boundary since August 31, 2019.**

The proposed class boundary is subject to modification as discovery progresses. Plaintiffs reserve the right to propose one or more sub-classes if discovery reveals that such subclasses are appropriate.

### B. Numerosity

44. There are more than 3,000 households within one-and-one-half mile of the Facility. Accordingly, the members of the Class are so numerous that joinder of all parties is clearly impracticable.

45. Prosecution of separate lawsuits by Class members would risk inconsistent or varying adjudications. Class-wide adjudication of these claims is therefore appropriate.

### C. Commonality

46. Defendant has engaged in a uniform and common course of misconduct towards members of the Class, giving rise to questions of both law and fact common to all Class members, including but not limited to:

    a. Whether and how Defendant negligently, intentionally, recklessly, and willfully failed to maintain and/or operate the Facility;

7

    b.    Whether Defendant owed any duties to Plaintiffs;

    c.    Which duties Defendant owed to Plaintiffs;

    d.    Which steps Defendant has and has not taken in order to control its emissions through the maintenance and/or operation of its Facility;

    e.    Whether and to what extent the Facility's emissions were dispersed over the Class Area;

    f.    Whether it was reasonably foreseeable that Defendant's failure to properly maintain and/or operate the Facility would result in an invasion of Plaintiffs' property interests;

    g.    Whether the degree of harm suffered by Plaintiffs and the Class constitutes a substantial annoyance or interference; and

    h.    The proper measure of damages incurred by Plaintiffs and the Class.

**D. Typicality**

47.    The claims of the named Plaintiffs are claims typical of the claims of all members of the Class. If brought and prosecuted individually, the claims of each Class member would require proof of many of the same material and substantive facts, utilize the same complex evidence including expert testimony, rely upon the same legal theories, and seek the same type of relief.

48.    The claims of Plaintiffs and the other Class members have a common cause and their damages are of the same type. The claims originate from the same failures of the Defendant to properly maintain and/or operate the facility.

49.    All Class members have suffered injury in fact as a result of the invasion of their properties by noxious odors emitted by Defendant. The noxious odors emitted by Defendant,

interferes with their ability to use and enjoy their homes, has impacted property values, and has deprived the Class of the full value of their properties.

**E. Adequacy of Representation**

50. Plaintiffs' claims are sufficiently aligned with the interests of the absent members of the Class to ensure that the Class claims will be prosecuted with diligence and care by Plaintiffs as representatives of the Class. Plaintiffs will fairly and adequately represent the interests of the Class and do not have interests adverse to the Class.

51. Plaintiffs have retained the services of counsel who are experienced in complex class action litigation, and in particular class actions stemming from invasions of private property by industrial emissions. Plaintiffs' counsel will vigorously prosecute this action and will otherwise protect and fairly and adequately represent Plaintiffs and all absent Class members.

**F. Class Treatment Is The Superior Method of Adjudication**

52. A class action is superior to other methods of litigation and will provide a fair and efficient method for adjudication of the controversy because:

   a. Individual claims by the Class members would be impracticable as the costs of pursuit would far exceed what any one Class member has at stake;

   b. Little or no individual litigation has been commenced over the controversies alleged in this Complaint and individual Class members are unlikely to have an interest in separately prosecuting and controlling individual actions;

   c. The concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy; and

   d. The proposed class action is manageable.

<u>**COUNT I**</u>

**NUISANCE**

53. Plaintiffs incorporate by reference as if fully set forth herein each and every allegation in the Complaint.

54. Plaintiffs utilized their property as a residence and reside within the Class Area.

55. Through the operation of its Facility, Defendant processes wood chips to produce S2S hardboard. Defendant processes the woods chips into wood fiber and finally into a fiber mat through use of a system of steamers, forming machines, dryers, and steam-heated batch presses. Defendant's process involves a variety of ventilation and filtration systems and creates substantial quantities of wastewater and sludge that is highly noxious and odiferous if not properly stored, maintained, and controlled.

56. A condition or activity which unreasonably interferes with the use and enjoyment of property is a nuisance.

57. Plaintiffs utilized their property as a residence and reside within the Class Area.

58. By intentionally and/or negligently failing to reasonably design, operate, repair, and maintain the Facility, Defendant has caused an invasion of Plaintiffs' property by noxious odors on occasions that are too numerous to individually list herein.

59. The noxious odors invading Plaintiffs' property are indecent and offensive to Plaintiffs, and indecent and offensive to individuals with ordinary sensibilities and obstruct the free use of Plaintiffs' property so as to substantially and unreasonably interfere with the comfortable enjoyment of life and property.

60. Defendant knew that it was emitting noxious odors onto neighboring properties yet failed to take reasonably adequate steps to abate the nuisance.

61. Defendant owed and continues to owe a duty to Plaintiffs and the Class, as neighboring private residential property holders, to prevent and abate the interference with and the invasion of their private residential property.

62. Plaintiffs and the putative class have a right to enjoy their private properties free from the physical invasion of offensive odor emissions.

63. As a direct and proximate result of the failure of Defendant to exercise ordinary care, Plaintiffs' properties have been physically invaded by noxious odors.

64. As a direct and proximate result of Defendant's intentional and/or negligent conduct in designing, operating, and/or maintaining its facility, Plaintiffs' properties have been exposed to and invaded by noxious odors.

65. As a direct and proximate result of the invasion of Plaintiffs' private residential properties by noxious odors, Plaintiffs have suffered damages, including loss of property value and interference with use and enjoyment of property.

66. Further, the public has a right to breathe uncontaminated and unpolluted air in public spaces.

67. Defendant owed and continues to owe a duty to the public to prevent and abate the interference with, and the invasion of, the free use and enjoyment of public spaces by emitting noxious pollutants into the ambient air.

68. Separate and distinct from the property damage incurred by Plaintiffs and the putative class, Defendant's emissions have substantially interfered with rights common to the general public, including the right to uncontaminated and/or unpolluted air.

69. Plaintiffs suffered and continue to suffer special harm relating to the use and enjoyment of their land and property, deprivation of the full value of their property, and decreased

property values—damages that are of a different kind and are additional to those suffered by the public at large.

70. Plaintiffs did not consent to noxious odors entering upon their property.

71. Whatever social utility is provided by the Facility is clearly outweighed by the harm suffered by Plaintiffs and the putative Class, who have on numerous occasions been deprived of the full use and enjoyment of their properties and have been forced to endure substantial loss in the use and value of their properties.

72. Defendant's substantial and unreasonable interference with Plaintiffs' use and enjoyment of their property constitutes a nuisance for which the Defendant is liable to Plaintiffs for all damages arising from such nuisance, including compensatory and injunctive relief, not inconsistent with Defendant's state and/or federal regulatory obligations.

## COUNT II

### NEGLIGENCE

73. Plaintiffs incorporate by reference as if fully set forth herein each and every allegation in the Complaint.

74. In maintaining, operating, and/or controlling the Facility, Defendant has a duty to Plaintiffs and the Class, as neighboring holders of private residential property interests, to exercise ordinary care and diligence so that noxious odors do not invade their properties.

75. Defendant knowingly breached its duty to exercise ordinary care and diligence when it improperly maintained and/or operated its facility and knew, or should have known, that such actions would cause Plaintiffs' property to be invaded by noxious odors.

76. Defendant's breaches of its duties to Plaintiffs and the Class include, but are not limited to:

a. Defendant has failed to properly maintain or operate its wood fiber processing machinery and/or its connected systems related to drying, pressing, filtration, and/or wastewater treatment and sludge disposal;

b. Defendant has failed to manage, treat, mitigate, and/or control the noxious odors created by its hardboard manufacturing process;

c. Defendant has failed to operate and/or properly maintain its wastewater treatment and/or sludge disposal processes;

d. Defendant has failed to mitigate, treat, and/or control odors from the cleaning and processing of raw wood chips and other raw materials used in its manufacturing processes;

e. Defendant has failed to properly operate, maintain, and/or clean its aerated lagoon water treatment systems;

f. Defendant has failed to properly store and treat its various waste materials, including wastewater and/or waste sludge;

g. Defendant has breached its duties in additional ways to be determined during discovery;

77. As a direct and proximate result of the failure of Defendant to exercise ordinary care, Plaintiffs' properties have been physically invaded by noxious odors.

78. As a direct and proximate result of Defendant's negligence in operating and/or maintaining its facility, Plaintiffs' properties have been exposed to and invaded by noxious odors.

89. As a direct and proximate result of the invasion of Plaintiffs' private residential properties by noxious odors, Plaintiffs have suffered physical property damage, including through

diminution in property value, deprivation of full value of property, and interference with use and enjoyment of property.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the proposed Class, pray for judgment as follows:

A. Certification of the proposed Class pursuant to Federal Rule of Civil Procedure 23;

B. Designation of Plaintiffs as representatives of the proposed Class and designation of their counsel as Class Counsel;

C. Judgment in favor of Plaintiffs and the Class members and against Defendant;

D. Award Plaintiffs and the Class members compensatory damages arising from the property damages they suffered and any recoverable attorneys' fees and costs, including pre-judgment and post-judgment interest thereupon;

E. Injunctive relief not inconsistent with Defendant's federally and state enforced air permits;

F. An Order holding that entrance of the aforementioned noxious odors upon Plaintiffs' property constituted negligence and nuisance; and

G. Such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demands a trial by jury on all issues raised in this Complaint.

Dated: August 31, 2022                Respectfully submitted,

/s/Steven D. Liddle
Steven D. Liddle
Nicholas A. Coulson
Matthew Z. Robb

LIDDLE SHEETS COULSON PC
975 E. Jefferson Avenue
Detroit, MI 48207
(313) 392-0015
sliddle@lsccounsel.com
ncoulson@lsccounsel.com
mrobb@lsccounsel.com

*Attorneys for Plaintiffs & the Putative Class*
