## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

_____

MATT BURCAR and JOHN BUREK,
on behalf of themselves and all others similarly situated,

      Plaintiffs,

v.

                           Case No. 1:22-cv-12054-MFL-PTM

                           HON. Matthew F. Leitman
                           HON. Patricia T. Morris

DECORATIVE PANELS
INTERNATIONAL, INC.,

      Defendant.

---

## PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs Matt Burcar and John Burek, on behalf of themselves and all others similarly situated, respectfully move this Court for entry of an order that will allow for the implementation of the Settlement Agreement reached in this class action, by: (1) conditionally certifying the Class solely for the purpose of settlement; (2) preliminarily approving the Settlement Agreement (attached hereto as **Exhibit 1**); (3) directing notice to the Class; (4) scheduling a Fairness Hearing for approval of the Settlement; and (5) appointing Class Counsel and Class Representatives. In support of this motion, Plaintiffs state as follows:

1.      On August 31, 2022, Plaintiffs filed this case as a class action against Defendant Decorative Panels International, Inc. (hereinafter, "Defendant"), bringing claims of nuisance and negligence.[1]

2.      The Complaint alleged that Defendant's ownership and operation of its industrial woodboard manufacturing facility near Plaintiffs' homes had caused odor impacts to their homes and the homes of their neighbors. (ECF No. 17, PageID. 167, ¶ 45).

3.      In an effort to avoid the time, risk, and expense of further litigation, the Parties engaged in lengthy settlement discussions to determine whether a resolution of the case could be reached prior to a hearing on Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint. To that end, Plaintiffs and Defendant agreed to participate in mediation with independent neutral Hon. Gerald E. Rosen (Ret.). On April 18 and June 27, 2023, Plaintiffs and Defendant participated in two full-day mediation sessions and reached the primary material terms of a settlement that would resolve all claims in this case, subject to class settlement approval by the Court after notice to the settlement class. (**Ex. 2-** Liddle Decl., ¶¶ 11,13).[2]

---

[1] Plaintiffs filed their First Amended Complaint on January 13, 2023, containing identical causes of action for nuisance and negligence.

[2] The Declaration of Steven D. Liddle is attached herewith and will be referenced throughout as "Ex. 2- Liddle Decl."

4.     Based upon their investigation, and evaluation of the facts and law relating to the matters alleged in the action, Plaintiffs (on behalf of themselves and the proposed Class) and Class Counsel have agreed to settle the lawsuit, pursuant to the terms of the Settlement Agreement. (**Ex. 2**- Liddle Decl., ¶ 15).

5.     The terms of the proposed settlement are fully set forth in the Settlement Agreement. (**Ex. 1**). Defendant has agreed to pay $1,000,000.00 in direct monetary relief to be allocated pursuant to the procedures outlined in the Settlement Agreement. (**Ex. 1**, pg. 16, §5)

6.     The Parties have agreed to a Class, for purposes of the Settlement only, consisting of the following:

> All owner-occupants and renters of residential property at any point in the Class Period (1) whose property is located within one mile of the Defendant's Facility's property boundary; or (2) who submitted a "Resident Data Sheet" to Plaintiffs' Counsel. (**Ex. 1**, pg. 5, § 2(c)).

7.     As part of the proposed Settlement Agreement, the Parties have agreed to the appointment of Steven Liddle, Nicholas Coulson, and Matthew Robb of Liddle Sheets Coulson P.C. as Class Counsel and the appointment of Plaintiffs as the Class Representatives. (**Ex. 1**, pgs. 14-15, § 4 (c)).

8.     The proposed Settlement was achieved in good faith and without any undue influence.  Each side has zealously represented its interests.  (**Ex. 2,** Liddle Decl., ¶ 12).

9.    The proposed Settlement was achieved by counsel experienced in similar litigation.  (**Ex. 2**, Liddle Decl., ¶¶ 4-6).

10.    To effectuate the Settlement, the parties request that the Court enter an Order:

a.    Conditionally certifying this case for settlement purposes only as a class action pursuant to Federal Rule 23;

b.    Defining the Class as described herein;

c.    Appointing Steven D. Liddle, Nicholas A. Coulson and Matthew Z. Robb as Class Counsel;

d.    Appointing Plaintiffs as the Class Representatives;

e.    Approving the Class Notice attached as **Exhibit C** and the manner of providing the Class Notice by first class mail as being in compliance with Federal Rule 23(e);

f.    Approving the Claim Form attached as **Exhibit E** which will be submitted with the Class Notice via first class mail to the Class;

g.    Preliminarily approving the Settlement Agreement as fair, reasonable, and adequate; and

h.    Scheduling a Notice Date by which delivery of the Class Notice must commence, an Objection Deadline by which Class Members may submit objections to the Settlement, an Opt Out Deadline by

which Class Members may exclude themselves from the Settlement, and a Fairness Hearing to hear any objections from Settlement Class members and to consider final approval of the proposed Settlement.

11.    A proposed Preliminary Approval Order is attached as **Exhibit D**.[3]

WHEREFORE Plaintiffs, on behalf of themselves and the proposed Class, respectfully request that the Court grant this Motion and enter the proposed Preliminary Approval Order (**Exhibit D**).

Dated:      October 3, 2023          Respectfully Submitted,

/s/ Steven D. Liddle
Steven D. Liddle
Nicholas A. Coulson
Matthew Z. Robb
LIDDLE SHEETS COULSON P.C.
975 E. Jefferson Avenue
Detroit, MI 48207
(313) 392-0015
sliddle@lsccounsel.com
ncoulson@lsccounsel.com
mrobb@lsccounsel.com

*Attorneys for Plaintiffs*

---

[3] Plaintiffs also provide the Court with a Proposed Final Approval Order, which is attached hereto as **Exhibit B**.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

_____

MATT BURCAR and JOHN BUREK,
on behalf of themselves and all others similarly situated,

     Plaintiffs,

v.

                              Case No. 1:22-cv-12054-MFL-PTM

                              HON. Matthew F. Leitman
                              HON. Patricia T. Morris

DECORATIVE PANELS
INTERNATIONAL, INC.,

     Defendant.

---

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED**
**MOTION FOR PRELMINARY APPROVAL OF CLASS ACTION**
**SETTLEMENT**

## **<u>TABLE OF CONTENTS</u>**

INTRODUCTION ..................................................................................................1

    A.    Description of Plaintiffs' Claims................................................................1

    B.    Summary of the Litigation .........................................................................2

    C.    Terms of the Proposed Settlement .............................................................4

ARGUMENT ......................................................................................................6

LEGAL STANDARD.............................................................................................6

I.    THE COURT SHOULD CERTIFY THE PROPOSED CLASS FOR
SETTLEMENT PURPOSES ...................................................................................8

    A.    The Numerosity Requirement is Satisfied. ...................................................8

    B.    There Are Questions of Law or Fact Common to the Class. ........................9

    C.    The Claims of the Named Plaintiffs are Typical of the Claims of the Class
Members. ...........................................................................................10

    D.    Plaintiffs and Class Counsel Satisfy the Adequacy of Representation
Requirement........................................................................................12

    E.    The Proposed Settlement Class is Ascertainable. .......................................13

    F.    The Requirements of Rule 23(b)(3) Are Also Satisfied. ............................15

        1.    Common Questions of Fact and Law Predominate. ................................15

        2.    A Class Action is the Superior Method for the Fair and Effective
Adjudication of This Controversy.....................................................16

II.    THE COURT WILL LIKELY FIND THAT THE PROPOSED
SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE. ...........................16

A.     The Class Representatives and Class Counsel have Adequately Represented the Class. ...........................................................................17

B.     The Proposed Settlement Was Negotiated At Arm's Length. ....................17

C.     The Significant Monetary Relief Provided Through This Settlement Agreement Is Adequate Under The Circumstances. ............................................18

  1.     The Costs, Risks, and Delay of Trial and Possible Appeal Are Substantial in Complex Environmental Class Actions. .......................................................19

  2.     The Proposed Method of Distributing Relief to the Class and Proposal for Processing Class Member Claims Is Effective, and Class Counsel Has Extensive Experience Administering Similar Class Settlements. ....................20

  3.     The Requested Attorney's Fee is Standard and Reasonable Considering the Result for the Class. .......................................................................................21

D.     The Proposed Settlement Treats All Class Members Equally. ...................22

III.     THE SIXTH CIRCUIT FACTORS SIMILARLY WEIGH IN FAVOR OF PRELIMINARY APPROVAL. ...............................................................................22

IV.     THE PROPOSED NOTICE PLAN IS APPROPRIATE. ..............................23

CONCLUSION ........................................................................................................25

# <u>TABLE OF AUTHORITIES</u>

## Cases

*Batties v. Waste Mgmt. of Pa., Inc.*, No. 14-7013, 2016 U.S. Dist. LEXIS 186335, at

   *47 (E.D. Pa. May 11, 2016) ...................................................................18

*Davidson v. Henkel*, 302 F.R.D. 427, 436 (E.D. Mich. 2014) ....................................13

*Garner Props. & Mgmt. v. City of Inkster*, 333 F.R.D. 614 (E.D. Mich. 2020). 11, 13,

   14, 26

*Hillson v. Kelly Servs. Inc.*, No. 2:15-cv-10803, 2017 WL 279814, at *6 (E.D. Mich.

   2017) ...........................................................................................22

*In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1083 (6th Cir. 1996) ....................................17

*In Re OnStar Contract Litig.*, 278 F.R.D. 352 (E.D. Mich. 2011)....................... 13, 18

*In re Penthouse Exec. Club Comp. Litig.*, No. 10 CIV. 1145 KMW, 2013 WL

   1828598, at *2 (S.D.N.Y. Apr. 30, 2013)................................................22

*Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of America v.

   General Motors Corp.*, 497 F.3d 615 (6th Cir. 2007) ..................................... 12, 27

*Macy v. GC Servs. Ltd. P'ship*, No. 3:15-cv-819-DJH-CHL, 2019 WL 6684522, at

   *2 (W.D. Ky. December 6, 2019)...........................................................27

*Moeller v. Week Publ'ns, Inc.*, No. 1:22-cv-10666, 2023 WL 119648(E.D. Mich.

   January 6, 2023)............................................................................. 11, 29

*Olden v. LaFarge Corp.*, 203 F.R.D. 254, 269 (E.D. Mich. 2001), *aff'd*, 383 F.3d 495

   (6th Cir. 2004) .................................................................................................14

*Senter v. General Motors Corp.*, 532 F.2d 511, 523 n. 24 (6th Cir. 1976) ................13

*Sheick v. Auto. Component Carrier, LLC*, No. 09-14429, 2010 WL 3070130 (E.D.

   Mich. August 2, 2010) .....................................................................................12

*Speerly v. General Motors, LLC*, 343 F.R.D. 493, 507 (E.D. Mich. 2023) ................16

*Stanley v. U.S. Steel Co.*, 2006 WL 724569, at *7 (E.D. Mich. March 17, 2006) ......20

*Strano v. Kiplinger Washington Editors, Inc.*, No. 1:21-cv-12987, 2023 WL 119647,

   at *3 (E.D. Mich. January 6, 2023) .................................................... passim

*Thomsen v. Morley Cos., Inc.*, 639 F.Supp.3d 758, 766 (E.D. Mich. 2022) ..............21

*Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537-38 (6th Cir. 2012) ...............18

**Rules**

Fed. R. Civ. P. 23(e) ............................................................................... 11, 12

Fed.R.Civ.P. 23(a) ................................................................................. 12, 17

Fed.R.Civ.P. 23(b)(3) ..................................................................................13

Fed.R.Civ.P. 23(c)(2)(B) ..............................................................................29

Fed.R.Civ.P. 23(e)(1)(B) ..............................................................................28

Fed.R.Civ.P. 23(e)(1)(B)(i). .........................................................................22

Fed.R.Civ.P. 23(e)(2)(C). .............................................................................23

**Treatises**

*Newberg and Rubenstein on Class Actions* § 13:48 (6th ed.)......................................22

*Newberg on Class Actions* § 13:14 (5th ed.)..............................................................22

## **INDEX OF EXHIBITS**

Exhibit 1- Settlement Agreement

      Exhibit A- Class Area Map

      Exhibit B- Proposed Order Granting Final Approval

      Exhibit C- Class Notice

      Exhibit D- Proposed Order Granting Preliminary Approval

      Exhibit E- Claim Form

Exhibit 2- Declaration of Steven D. Liddle

## <u>ISSUES PRESENTED</u>

1. Should the proposed Settlement Class be certified for settlement purposes pursuant to Fed.R.Civ.P. 23?

**The Parties answer: YES.**

2. Should the Settlement Agreement be preliminarily approved as sufficiently fair, reasonable, and adequate to provide Notice to the proposed Settlement Class?

**The Parties answer: YES.**

## <u>CONTROLLING AND MOST APPROPRIATE AUTHORITIES</u>

Fed.R.Civ.P. 23

*Garner Props. & Mgmt. v. City of Inkster*, 333 F.R.D. 614 (E.D. Mich. 2020)

*Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of America v. General Motors Corp.*, 497 F.3d 615 (6th Cir. 2007)

*Moeller v. Week Publ'ns, Inc.*, No. 1:22-cv-10666, 2023 WL 119648(E.D. Mich. January 6, 2023)

*Strano v. Kiplinger Washington Editors, Inc.*, No. 1:21-cv-12987, 2023 WL 119647, at *3 (E.D. Mich. January 6, 2023)

# INTRODUCTION

Plaintiffs Matt Burcar and John Burek brought this action on behalf of themselves and a proposed class of their neighbors, alleging that odorous emissions from Defendant Decorative Panels International, Inc. (hereinafter, "DPI" or "Defendant") have entered their properties, and properties throughout the proposed Class Area, interfering with the ability of the proposed class to use and enjoy their homes and properties. Following an investigation by Plaintiffs' uniquely experienced counsel, informal discovery between the Parties, and two full-day mediations on April 18 and June 27, 2023, before a neutral mediator, Hon. Gerald E. Rosen (Ret.), Plaintiffs are pleased to report that the Parties have reached a compromise to fully and finally resolve this case. Plaintiffs hereby present to the Court the attached proposed Settlement Agreement and request that this Honorable Court preliminarily approve this mutually negotiated Settlement Agreement by entering the proposed order, which is attached to the Settlement Agreement as **Exhibit D.**[4]

## A.    Description of Plaintiffs' Claims

Plaintiffs and the proposed Class are residents of the area surrounding Defendant DPI's industrial woodboard manufacturing facility in Alpena, Michigan

---

[4] Plaintiffs are authorized to state that Defendant does not oppose the relief requested in this motion. The arguments and contentions contained herein, however, are attributable to Plaintiffs.

(hereinafter, the "Facility"). Plaintiffs' First Amended Complaint alleged that Defendant had failed to control the odorous emissions generated by the facility, particularly the waste sludge lagoons where byproducts from Defendant's manufacturing process were treated, giving rise to causes of action for nuisance and negligence and claims for monetary and injunctive relief [ECF No. 17, PageID. 167-176]. Plaintiffs further alleged that on frequent and recurrent occasions, odorous emissions from the Facility entered onto their properties, interfered with their abilities to use and enjoy their homes, and diminished the value of their properties. [*Id.*, PageID. 167, ¶ 45]. Defendant strongly denies these allegations.

Plaintiffs seek to certify a class consisting of: "[A]ll owner-occupants and renters of residential property, at any point in time since August 31, 2019 (1) which property is located within one mile of the Defendant's Facility's property boundary; or (2) who submitted a 'Resident Data Sheet' to Plaintiffs' Counsel." (**Ex. 1**, Settlement Agreement, § 2(c); *see* **Ex. A**- Class Area Map).

### B.     Summary of the Litigation

Plaintiffs filed their original complaint in this case on August 31, 2022 following an extensive pre-suit investigation conducted by Plaintiffs' Counsel. [ECF No. 1] (**Ex. 1**, Settlement Agreement, pgs. 1-2, § 1, ¶¶ D, G; **Ex. 2**- Liddle Decl., ¶¶ 11, 13). This pre-suit investigation consisted of Freedom of Information

Act requests to the City of Alpena and the Michigan Department of Environment, Great Lakes, and Energy (EGLE) and a comprehensive review of the records thereby obtained. (**Ex. 2**, Liddle Decl., ¶¶ 11-13) Plaintiffs' Counsel additionally obtained and reviewed reports from members of the putative class regarding the alleged nuisance odor conditions that would become the subject of the Complaint. [ECF No. 17, PageID. 165, ¶ 39].

Despite Defendant's denial of Plaintiffs' claims of wrongdoing, the Parties agreed to engage in good faith settlement discussions. To that end, after Defendant filed a Motion to Dismiss Plaintiffs' First Amended Complaint, the Parties submitted a stipulation to stay the case pending mediation on March 23, 2023. Ultimately, the Parties voluntarily participated in two full-day mediation sessions with respected and experienced mediator Hon. Gerald E. Rosen (Ret.). (**Ex. 1**- Settlement Agreement, pg. 3, §1, ¶ H; **Ex. 2**- Liddle Decl., ¶¶ 11, 13). As a result of these mediations, which involved adversarial, arm's-length negotiations between counsel experienced in these matters with the assistance of a skilled mediator, the Parties agreed to settle the claims asserted in the First Amended Complaint on the terms and conditions set forth herein, subject to the Court's review and approval. (*Id.*) The essential terms of the settlement now presented to the Court for review and approval are the result of two full-day mediations, and Class Counsel wholeheartedly believes that this settlement is in the best interest of

the Settlement Class under the circumstances given the time, complexity, and expense this litigation would present absent this agreement.

### C.  Terms of the Proposed Settlement

Under the proposed Settlement Agreement[5] (**Ex. 1**), Defendant will be required to provide monetary relief to the Class, and in exchange, Plaintiffs and the Class will release certain claims against the Defendant. (*Id.*, pgs. 9-11, § 2(bb)). Defendant will create a common fund for the benefit of the Class in the amount of $1,000,000, which will be distributed on a pro rata basis (after the payment of costs and attorney fees, such as the Court may approve) to all Households who timely submit an approved Claim Form. (*Id.*, pg. 16, §5). The proposed settlement includes a full release and discharge by Plaintiffs and the Class of any and all claims that were, or could have been, asserted between August 31, 2019, and the Effective Date of the Settlement (the "Class Period")[6]. (*Id.*, pgs. 9-11, § 2(bb); pg. 5, § 2(g)). The Release expressly preserves the Class's right to bring any claims that any may have for medically diagnosed personal injuries and any claims based on odors or other emissions of airborne pollutants or contaminants that occur after the Effective Date. (*Id.*). However, the Release binds all Class Members who fail

---

[5] Capitalized terms used herein shall have the same meaning as assigned to them in the Settlement Agreement.

[6] See the Settlement Agreement at pages 6, 10-11 §2 for specific definition of "DPI Releasees," "Released Parties," and "Released Claims."

to properly opt out of the settlement from suing Defendant relating to the allegations made in the Class Action. (*Id.*)

The Settlement Agreement calls for Class Counsel to administer the settlement and provides that notice of preliminary approval of the settlement will be distributed to the Class in accordance with the Notice specifications approved by the Court. (*Id.*, pg. 12, § 3(a); pg. 17, §5(h)); *see also* **Ex. C**- Class Notice).

Within twenty-one (21) days after the Court issues its Preliminary Approval Order (**Ex. D**), Class Counsel will disseminate the Class Notice and Claim Form to each Class Member whose address is reasonably ascertainable by first class mail, postage prepaid to each such person at such address(es), and Class Counsel will post on the website (www.lsccounsel.com/dpisettlement) the Class Notice, along with copies of this Agreement and the Claim Form for seeking compensation from the Settlement Fund, and with instructions for opting out of or objecting to the settlement.

From the date Notice is mailed, Class Members will have forty-five (45) days to object to or opt out of the Settlement. (**Ex. 1**, pgs. 17-19, §6). Class Members who wish to participate in the Settlement will have sixty (60) days to submit a valid, timely Claim Form for an equal, pro rata share of the common fund. (*Id.*; *see also* **Ex. E**- Claim Form). For their services in representing the interests of the Class, the Settlement Agreement dictates that subject to the Court's

approval, Plaintiffs Matt Burcar and Jeff Burek may receive a one-time, lump sum payment or incentive award of no more than $1,500 in addition to any payment that they may receive by virtue of their status as members of the Settlement Class. (*Id.*, pg. 16, § 5(c)).

After deducting attorney's fees and costs, the common fund will be divided equally among all Class Members who submit timely Claim Forms that are approved by Class Counsel as compliant with the requirements set forth in the Notice. (**Ex. 1**, pg. 15, § 5(b)). The Settlement Agreement provides that Class Counsel may seek payment of costs and reasonable attorney's fees from the Total Settlement Value. (*Id.*, pg. 16, § 5(e)).

## ARGUMENT

### LEGAL STANDARD

The claims of "a class proposed to be certified for purposes of settlement[] may be settled … only with the court's approval." Fed. R. Civ. P. 23(e). "The question at the preliminary approval stage is simply whether the settlement is fair enough to begin the class-notice process." *Moeller v. Week Publ'ns, Inc.*, No. 1:22-cv-10666, 2023 WL 119648, at *2 (E.D. Mich. January 6, 2023) (quoting *Garner Props. & Mgmt. v. City of Inkster*, 333 F.R.D. 614, 626 (E.D. Mich. 2020) (quotation marks omitted). The Court should grant preliminary approval to a proposed class settlement if it "(1) does not disclose grounds to doubt its fairness

or other obvious deficiencies, such as unduly preferential treatment to class representatives or of segments of the class, or excessive compensation for attorneys, and (2) appears to fall within the range of possible approval" at the final-approval stage. *Id*. (quoting *Sheick v. Auto. Component Carrier, LLC*, No. 09-14429, 2010 WL 3070130, at *11 (E.D. Mich. August 2, 2010)) (citation and quotations omitted).

Under Rule 23(e), there are four factors for a Court to consider concerning whether a proposed agreement is "fair, reasonable, and adequate": "(1) whether the class representatives and class counsel have adequately represented the class; (2) whether the proposal was negotiated at arm's length; (3) whether the relief provided for the class is adequate; and (4) whether the proposal treats Class Members equitably relative to each other." Fed.R.Civ.P. 23(e). The Sixth Circuit provides seven additional factors to consider:

    (1) the risk of fraud or collusion;
    (2) the complexity, expense, and likely duration of the litigation;
    (3) the amount of discovery engaged in by the Parties;
    (4) the likelihood of success on the merits;
    (5) the opinions of class counsel and class representatives;
    (6) the reaction of absent Class Members; and
    (7) the public interest.

*Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of America v. General Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007).

To merit class certification, Fed.R.Civ.P. 23(a) requires a showing of four factors: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative Parties are typical of the claims or defenses of the class; and (4) the representative Parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a). Where, as here, Plaintiffs seek to certify a class under Fed.R.Civ.P. 23(b)(3), Plaintiffs must additionally demonstrate "that the questions of law or fact common to Class Members predominate over any questions affecting only individual members and that a class action is superior to other available methods" for the fair and efficient adjudication of the controversy. Fed.R.Civ.P. 23(b)(3). Finally, class certification is subject to the implicit requirement that the class is ascertainable. *See In Re OnStar Contract Litig.*, 278 F.R.D. 352, 373 (E.D. Mich. 2011).

## I.  THE COURT SHOULD CERTIFY THE PROPOSED CLASS FOR SETTLEMENT PURPOSES

The Proposed Class satisfies each of the class certification requirements and should thus be certified for settlement purposes.

### A.  The Numerosity Requirement is Satisfied.

"Numerosity is a fact specific inquiry that turns upon such factors as geographic location and the ease of identifying Class Members, but there is no strict numerical test to determine when the class is large enough or too numerous

to be joined." *Garner Props.*, 333 F.R.D. 614 at 622 (citing *Senter v. General Motors Corp.*, 532 F.2d 511, 523 n. 24 (6th Cir. 1976)). However, "it is generally accepted that a class of 40 or more members is sufficient to satisfy the numerosity requirement." *Davidson v. Henkel*, 302 F.R.D. 427, 436 (E.D. Mich. 2014).

Plaintiffs have proposed a Settlement class of all owners-occupants and renters of residential property within one mile of the Facility's property boundary or who submitted a data sheet to Plaintiffs' Counsel. (**Ex. 1**, pg. 5, §2(c)). Plaintiffs' Counsel received over 290 data sheets from Settlement Class Members, and with approximately 2,000 households within a 1-mile radius of the Facility, the numerosity prerequisite is undoubtedly satisfied here. (**Ex. 2**- Liddle Decl., ¶ 9).

### B.   There Are Questions of Law or Fact Common to the Class.

The commonality requirement does not demand that all questions of law and fact raised in the complaint are common among the proposed Class, but simply requires a common question of law or fact. *See Olden v. LaFarge Corp.*, 203 F.R.D. 254, 269 (E.D. Mich. 2001), *aff'd*, 383 F.3d 495 (6th Cir. 2004). Indeed, "a common question of law or fact exists when it can be shown that all Class Members suffered the same injury." *Garner Props.*, 333 F.R.D. 614 at 622 (citation omitted). "Class claims must depend upon a common contention capable of classwide resolution—which means that determination of its truth or falsity will

resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* at 623 (quotation marks and citation omitted).

Plaintiffs allege that Defendant engaged in a common course of misconduct towards the proposed Class, giving rise to questions of both law and fact common to Class Members. [ECF No. 17, PageID. 169, ¶ 56]. The following are just some of the common questions identified by Plaintiffs: whether and how Defendant negligently, intentionally, recklessly, and willfully failed to maintain the Facility; whether Defendant owed any duties to Plaintiffs, and if so, which duties were owed; whether and to what extent the Facility's emissions were dispersed over the Class Area; and whether the degree of harm suffered by Plaintiffs and the Class constitutes a substantial annoyance or interference. [*Id.*, at PageID. 170].

Each of these questions can be answered on a classwide basis and are capable of classwide resolution. Plaintiffs' allegations revolve around the common alleged conduct of Defendant failing to control its emissions from the Facility. The allegations make clear that the noxious odors are allegedly emitted from the same source, are of the same nature, and generally impact the community as a whole in the same fashion, causing the same types of damages. For these reasons, the commonality prerequisite is satisfied.

**C.    The Claims of the Named Plaintiffs are Typical of the Claims of the Class Members.**

In order to satisfy the typicality requirement for class certification, it is required that a "sufficient relationship exist between the injury to the named plaintiff and conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct." *Speerly v. General Motors, LLC*, 343 F.R.D. 493, 507 (E.D. Mich. 2023) (citation omitted). "Typicality is satisfied if the representative's claim arises from the same [transaction or occurrence as] the claims of other Class Members, and [they] are based on the same legal theory." *Strano v. Kiplinger Washington Editors, Inc.*, No. 1:21-cv-12987, 2023 WL 119647, at *3 (E.D. Mich. January 6, 2023)(quotation omitted).

Plaintiffs' claims, and those of the absent Class Members, entail the same type of alleged damages for the same type of injury caused by an alleged singular course of conduct by Defendant. Plaintiffs have suffered the same type of damages as the rest of the proposed Settlement Class, alleging the same substantial annoyance and interference by the odors, loss of use and enjoyment of their properties, and diminution in property values. There are no conflicts of interest between or among Plaintiffs Matt Burcar and Jeff Burek and the Class Members, and there is no basis for holding that the typicality element is not satisfied in this common source nuisance odors case. Further, the Settlement Agreement does not release any claims for personal injury or future odor incidents, which might involve different types of claims or damages. Accordingly, there is nothing in the

11

Settlement Agreement that would prevent individuals with claims that are not released here from exercising their rights in a future proceeding. In all of the ways that are relevant to the proper analysis, Plaintiffs' claims are typical of the claims of the proposed Class.

### D.   Plaintiffs and Class Counsel Satisfy the Adequacy of Representation Requirement.

To satisfy the final Rule 23(a) prerequisite, "the representative Parties [must] fairly and adequately protect the interests of the Class." Fed.R.Civ.P. 23(a). The adequacy inquiry consists of two separate considerations: "(1) the representative must have some common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Strano*, 2023 WL 119647, at *3 (quoting *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1083 (6th Cir. 1996)).

Plaintiffs, like all similarly situated Class Members, are area residents complaining of the same odor problem that has similarly plagued their neighbors. Plaintiffs have demonstrated no conflict of interest with the absent Class Members and have retained Class Counsel with significant experience conducting environmental class action litigation. Plaintiffs' Counsel has successfully resolved many dozens of similar environmental lawsuits for property damage, the vast majority of which were brought and resolved on a classwide basis. (**Ex. 2**, Liddle

Decl., ¶ 5). Regarding Plaintiffs' Counsel's representation for this type of case, one federal court noted that:

> Class Counsel—from the Detroit-based firm [Liddle Sheets Coulson], P.C.—are among the few attorneys that specialize in class-action odor-nuisance litigation. Class Counsel skillfully and vigorously investigated and prosecuted the Class's claims … Absent the skill and efficiency of Class Counsel, it is also unlikely that individual Class Members could have obtained any recovery on their nuisance claims.

*Batties v. Waste Mgmt. of Pa., Inc.*, No. 14-7013, 2016 U.S. Dist. LEXIS 186335, at *47 (E.D. Pa. May 11, 2016). Class Counsel submitted an odor survey to hundreds of area residents and conducted a detailed inquiry into reports of odors from the Facility and public information requests to governmental regulatory entities. (**Ex. 2-** Liddle Decl., ¶ 13). Counsel has negotiated a favorable Settlement Agreement, including through the use of a neutral mediator, and has vigorously defended Plaintiffs' claims on behalf of the Class throughout this Litigation. Overall, Plaintiffs' Counsel concentrates its practice on cases of this sort, and, in reaching this favorable resolution, has devoted the resources necessary to vigorously pursue the claims of Plaintiffs and the Class.

### E.    The Proposed Settlement Class is Ascertainable.

"The existence of an ascertainable class of persons to be represented by the proposed class representative[s] is an implied prerequisite of Federal Rule of Civil Procedure 23." *In Re OnStar Contract Litig.*, 278 F.R.D. 352, 373 (E.D. Mich. 2011). To satisfy ascertainability "the class definition must be sufficiently definite

13

so that it is *administratively* feasible for the court to determine whether a particular individual is a member of the proposed class." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537-38 (6th Cir. 2012).

The proposed settlement Class here is readily ascertainable. The Class is defined with reference to objective criteria in the form of ownership and residency within a limited geographic area described and defined as the Class Area or whether a resident submitted a data sheet to Plaintiffs' Counsel. The claims at issue arise from damage to real property, the locations of which are part of the very definition of the Class. To determine whether a given person is a member of the Class, all that is required is to determine whether that person's home is located within the Class Area boundary, whether they are an owner-occupant or renter of real property in that Class Area, or whether they submitted a Resident Data Sheet. The addresses in the Class Area have already been obtained, and all Class Members will receive a Class Notice form at their residence by first class mail. (**Ex. C**, Class Notice). Further, each Settlement Class Member will be required to confirm that they reside within the Class Area by affirming ownership or renter status by attaching a copy of valid documentation. (*See* **Ex. E**, Claim Form). For Resident Data Sheet Class Members, Plaintiffs' Counsel can easily identify the name and address of the Class Member from their Data Sheet and will be able to confirm this information by comparing it to the returned Claim Forms for the same

14

addresses. Thus, the class is ascertainable, and the proposed settlement administration process will ensure that only verified Class Members receive compensation from the common fund.

### F.    The Requirements of Rule 23(b)(3) Are Also Satisfied.

#### 1.    Common Questions of Fact and Law Predominate.

"Predominance is satisfied if the Class's individual questions of law or fact are sufficiently cohesive to warrant adjudication by representation." *Strano*, 2023 WL 119647, at *4 (quotation omitted). "Common issues predominate in air pollution cases when the paramount issue concerns whether a plant's emissions are substantially interfering with the local residents' use and enjoyment of their real and personal property." *Stanley v. U.S. Steel Co.*, 2006 WL 724569, at *7 (E.D. Mich. March 17, 2006).

From Plaintiffs' perspective, the common issues relating to Defendant's conduct, the dispersion of Defendant's alleged malodorous emissions, and the impacts to the community outweigh any individual issues that may be present. There is substantial evidence that the Class Area has been impacted in a similar manner and to a similar degree, rendering any existing individual issues of minimal importance-- particularly in light of this Settlement Agreement, which provides for a distribution of funds on a common and equitable basis to all residents who submit a claim form. Plaintiffs submit that there are simply no individual issues

left in this Settlement Class that might overwhelm the predominating common issues.

### 2. A Class Action is the Superior Method for the Fair and Effective Adjudication of This Controversy.

"A class action is superior if it would vindicate[] the rights of groups of people who individually would be without effective strength to bring their opponents into court at all." *Thomsen v. Morley Cos., Inc.*, 639 F.Supp.3d 758, 766 (E.D. Mich. 2022) (quotations omitted).

Class resolution achieves economies of time, effort and expense while ensuring uniformity of decision. The alternative to resolving this case as a class action is to bring hundreds or thousands of individual claims in a constantly expanding stream of litigation while excluding the claims of Class Members for whom active participation is not feasible for financial or other reasons. Resolving these claims together on behalf of a certified Class is fairer and incalculably more efficient. Class resolution will also prevent wasting the resources of the Court and the Parties by providing a single, orderly resolution to the case with a consistent result, as demonstrated by the proposed Settlement.

## II. THE COURT WILL LIKELY FIND THAT THE PROPOSED SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE.

The first requirement for preliminary approval, Rule 23(e)(1)(B)(i), directs the court to determine whether the terms of the proposed settlement are fair,

reasonable, and adequate considering the following factors: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate; and (D) the proposal treats Class Members equitably to each other. Fed.R.Civ.P. 23(e)(1)(B)(i). Each of these factors is satisfied here.

### A.    The Class Representatives and Class Counsel have Adequately Represented the Class.

"[T]he first Rule 23(e) factor [adequacy of representation] is 'redundant of Rule 23(a)(4)…" *Strano v. Kiplinger Washington Editors, Inc.*, No. 1:21-cv-12987, at *6 (E.D. Mich. January 6, 2023) (quoting *Newberg and Rubenstein on Class Actions* § 13:48 (6th ed.) As such and as demonstrated above, the adequacy of representation factor is easily satisfied.

### B.    The Proposed Settlement Was Negotiated At Arm's Length.

"The primary procedural factor courts consider in determining whether to preliminarily approve a proposed [class-action] settlement is whether the agreement arose out of arms-length, noncollusive negotiations." *Hillson v. Kelly Servs. Inc.*, No. 2:15-cv-10803, 2017 WL 279814, at *6 (E.D. Mich. 2017) (quoting *Newberg on Class Actions* § 13:14 (5th ed.)).

The Parties engaged in two full-day mediations before experienced and respected neutral mediator Hon. Gerald E. Rosen (Ret.). (**Ex. 2**- Liddle Decl., ¶¶ 11, 14); *See Hillson*, 2017 WL 279814, at *6 (quoting *In re Penthouse Exec. Club*

*Comp. Litig.*, No. 10 CIV. 1145 KMW, 2013 WL 1828598, at *2 (S.D.N.Y. Apr. 30, 2013) ("The assistance of [an experienced mediator]… reinforces that the Settlement Agreement is non-collusive. A Settlement like this one, reached with the help of [a] third-party neutral[] enjoys a presumption that the settlement achieved meets the requirements of due process.")). At mediation, a frank discussion was held between the Parties regarding the substantive costs and benefits presented to each side that allowed both sides to carefully evaluate the value of this case and agree that the benefits of early resolution greatly outweighed the risks and costs of prolonged litigation. (**Ex. 2-** Liddle Decl., ¶¶ 11, 13). While settlement is necessarily a compromise, the Settlement addresses the concerns of Plaintiffs and the Class and delivers valuable monetary relief.

### C.   The Significant Monetary Relief Provided Through This Settlement Agreement Is Adequate Under The Circumstances.

Determining adequacy of relief involves consideration of several factors: "(1) the costs, risks, and delay of trial and appeal; (2) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (3) the terms of any proposed attorney's fee, including timing of payment; and (4) any agreement required to be identified under

Rule 23(e)(3)."[7] Fed.R.Civ.P. 23(e)(2)(C).

      **1.    The Costs, Risks, and Delay of Trial and Possible Appeal Are Substantial in Complex Environmental Class Actions.**

The consideration provided by Defendant to effectuate the proposed Settlement Agreement is an excellent result for the Class. Defendant will pay $1,000,000 in cash into a common fund to compensate Plaintiffs and the Class for the alleged damages incurred.

Even if Plaintiffs were able to obtain class certification, they would need to affirmatively establish the spread of Defendant's emissions and that those emissions were of such frequency, intensity, and duration to constitute a nuisance. Defendant would likely point to several other area facilities as possible sources of the odors and challenge every aspect of Plaintiffs' proof of Defendant's emissions. This would likely involve competing scientific testimony of sufficient complexity such that the ultimate outcome would be anything but certain. Further, Defendant would be likely to vigorously oppose Plaintiffs' evidence on damages. Determining the damages attributable to a nuisance requires that those damages be isolated from numerous other factors that impact value. After considering the range of possibilities, it is Plaintiffs' counsel's experienced opinion that given the

---

[7] The proposed Settlement Agreement is attached as **Ex. 1**, satisfying the fourth factor. There are no other agreements between the Parties and the Settlement Agreement expressly disclaims any other such agreements. (**Ex. 1**, pg. 20, § 8(c)).

potential risks, rewards and costs of continuing litigation, that settlement on the proposed terms is the most desirable course for Plaintiffs and the Class to take.

> **2.**   **The Proposed Method of Distributing Relief to the Class and Proposal for Processing Class Member Claims Is Effective, and Class Counsel Has Extensive Experience Administering Similar Class Settlements.**

The Settlement provides for distribution of monetary relief on a pro-rata basis to all Class Members who submit a timely and valid claim form. (**Ex. 1**, pg. 16, § 5(e), (f)). Class Members will be afforded 60 days following the Notice Date, whereby each Class Member will receive notice via first class mail, to submit a claim form. Plaintiffs' Counsel has successfully administered many dozens of similar settlements using this direct mail notice program and claims process. (**Ex. 2**- Liddle Decl., ¶¶ 4-6).

The equal share formula is both equitable and makes sense because the potential degree in variation between the claims of Class Members is outweighed by the cost, uncertainty, and administrative infeasibility of attempting to distinguish amongst claims.  Identifying with particularity the extent to which the usable value of any particular property varies from another would require a combination of emissions modeling and specialized appraisal that would be sufficiently costly to reduce the Class's aggregate recovery beyond its limited benefit to any particular Class Member.  An equal basis pro rata distribution avoids these unnecessary costs.

Additionally, the claims process is as simple as possible without inviting fraud. There is no reliable method to determine who actually occupies a home without soliciting information in the form of a claim form.(*See* **Ex. E-** Claim Form). This simple claims process, which requires basic proof of identity and qualification, ensures that funds are distributed only to qualifying Class Members. Both the method for making claims and the method for distributing funds are designed to be maximally effective for getting the Class relief into Class Members' hands.

   **3. The Requested Attorney's Fee is Standard and Reasonable Considering the Result for the Class.**

Pursuant to the terms of the Settlement Agreement, Class Counsel may apply to the Court for an award of reasonable attorney's fees and plan to request attorney's fees in an amount not to exceed one-third of the total settlement value, net of expenses. (**Ex. 1**, pg. 16, § 5(a)). Similar fee requests have been granted for class action settlements. *See Strano v. Kiplinger Washington Editors, Inc.*, No. 1:21-cv-12987, at \*6 (E.D. Mich. January 6, 2023) (granting preliminary approval to attorney's fee request not to exceed 35% in a class settlement); *Garner Props. & Mgmt. v. City of Inkster*, No. 17-cv-13960, 2020 WL 4726938, at \*10 (E.D. Mich. August 14, 2020) (finding that 33% attorney's fees were reasonable.) Given Plaintiffs' Counsel's unique expertise regarding this type of case and their efforts to secure this significant relief for the Class, the standard fee request is justified.

**D.    The Proposed Settlement Treats All Class Members Equally.**

For many of the same reasons as discussed above, there are no concerns here regarding the equitable treatment of Class Members relative to one another.  Every member of the Class will have an equal opportunity to collect on the monetary relief provided through this Settlement, and Class Members who submit timely and valid claim forms will be treated equally to one another, receiving one equal share of the common fund. Thus, the equitable treatment of the Class can hardly be disputed.

## III.    THE SIXTH CIRCUIT FACTORS SIMILARLY WEIGH IN FAVOR OF PRELIMINARY APPROVAL.

Consideration of the additional Sixth Circuit factors similarly counsel in favor of preliminary approval. The factors are "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the Parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent Class Members; and (7) the public interest." *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007).

Factors 1-5 are largely subsumed by the previously outlined Rule 23(e)(2) factors rendering simple reiteration here unnecessary. *See Macy v. GC Servs. Ltd. P'ship*, No. 3:15-cv-819-DJH-CHL, 2019 WL 6684522, at *2 (W.D. Ky. December 6, 2019) ("[Rule 23(e)] largely encompasses the factors that have been

employed by the Sixth Circuit[.]"). Each of these factors weighs in favor of preliminary approval or, at the very least, is neutral. The sixth factor, the reaction of absent Class Members, cannot be evaluated until notice has been disseminated and the Class's feedback received, rendering this analysis more appropriate on final approval. The seventh factor, the public interest, weighs overwhelmingly in favor of approval. This Settlement represents the resolution of an alleged environmental impact to thousands of people which will provide meaningful relief to the community and serve the important interest of encouraging responsible environmental stewardship.

## IV.    THE PROPOSED NOTICE PLAN IS APPROPRIATE.

"After preliminarily approving a settlement, the court must direct notice of the proposed settlement to all Class Members who would be bound by the proposal." Fed.R.Civ.P. 23(e)(1)(B). The Settlement provides for notice to the Class in the form attached as **Ex. C** to the Settlement Agreement. Within twenty-one (21) days after the Court issues its Preliminary Approval Order (**Ex. D**), Class Counsel will disseminate the Class Notice and Claim Form to each Class Member whose address is reasonably ascertainable by first class mail, postage prepaid to each such person at such address(es), and Class Counsel will post on the website (www.lsccounsel.com/dpisettlement) the Class Notice, along with copies of this Agreement and the Claim Form for seeking compensation from the Settlement

Fund, and with instructions for opting out of or objecting to the settlement. Class

Members will then have forty-five (45) days to opt out or object to the Settlement

Agreement, and 60 days to file a Claim Form. (**Ex. 1,** pgs. 17-19, § 6). Any Class

Member who chooses to opt out will not be bound by the Settlement Agreement

and will not release any claims against Defendant. (*Id.*)

When, such as here, Plaintiffs seek to certify a class pursuant to Rule

23(b)(3):

> Notice must also include the following in 'plain, easily understood
> language:
> (1) the nature of the action;
> (2) the definition of the class certified;
> (3) the class claims, issues, or defenses;
> (4) that a Class Members may enter an appearance through an
> attorney is the member so desires;
> (5) that the court will exclude from the class any member who
> requests exclusion;
> (6) the time and manner for requesting exclusion; and
> (7) the binding effect of a class judgment on members under Rule
> 23(c)(3).

*Moeller v. Week Pubs., Inc.*, No. 1:22-cv-10666, 2023 WL 119648, at *8 (E.D.

Mich. January 6, 2023) (quoting Fed.R.Civ.P. 23(c)(2)(B)).

The Class Notice provides all of the salient information, clearly states that it

contains only a summary of the Settlement Agreement, and describes how Class

Members can obtain additional information regarding the Settlement Agreement.

The Notice also refers interested individuals to the Settlement website, where they

may access relevant documents or seek further information. Class Members will

have the opportunity to make claims, opt-out, or object to the Settlement. (**Ex. 1**, pg. 17-19, §6). At least 7 days before the final Settlement Fairness Hearing, Class Counsel will file all objections and opt-outs with the Court. (*Id.*) Plaintiffs will then seek final approval of the Settlement, at which time the Court can consider the Class's response thereto. The Class Notice and Notice Plan should therefore be approved.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that the Court enter the attached Order Granting Preliminary Approval (**Ex. D**), preliminarily approve the Settlement Class, appoint Plaintiffs' Counsel as Settlement Class Counsel, and approve the Notice program described herein.

Dated: October 3, 2023                Respectfully Submitted,

*/s/Steven D. Liddle*
Steven D. Liddle
Nicholas A. Coulson
Matthew Z. Robb
**LIDDLE SHEETS COULSON PC**
975 E. Jefferson Avenue
Detroit, MI 48207
(313) 392-0015
sliddle@lsccounsel.com
ncoulson@lsccounsel.com
mrobb@lsccounsel.com

*Attorneys for Plaintiffs & the Putative Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 3, 2023, I served a copy of the foregoing upon all counsel of record via the Court's CM/ECF system, which will send notifications of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

*/s/ Steven D. Liddle*
Steven D. Liddle